**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AZAMAT SAMEEVICH NUMONOV, **Petitioner,** | CIVIL ACTION |
| **v.** | |
| JAMAL L. JAMISON, et al. **Respondents.** | NO.  26-1920 |

## O R D E R

**AND NOW**, this 27th day of March, 2026, upon consideration Petitioner Numonov's

Petition for Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition

(ECF No. 3), and the Stipulation (ECF No. 5), **IT IS HEREBY ORDERED** as follows:

1.  The Stipulation is **APPROVED**;

2.  Numonov's Petition is **GRANTED**;[1]

3.  The Government shall **RELEASE** Numonov from custody immediately and certify

    compliance with the Court's Order by filing an entry on the docket no later than **12:00**

    **p.m. ET on March 31, 2026**;

4.  The Government is temporarily enjoined from re-detaining Numonov for seven days

    following his release from custody;

5.  If the Government chooses to pursue re-detention of Numonov after that seven-day

    period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a); and

6.  Pending the ordered bond hearing, the Government **SHALL NOT** remove, transfer, or

    otherwise facilitate the removal of Numonov from the Commonwealth of Pennsylvania.

    If the Immigration Judge determines that Numonov is subject to detention under 8

    U.S.C. § 1226(a), the Government may request permission of the Court to move him.  If

unforeseen or emergency circumstances arise that require Numonov to be removed, any such request must include an explanation for the request as well as a proposed destination.

**BY THE COURT:**

s/ Wendy Beetlestone_____
**WENDY BEETLESTONE, C.J.**

---

[1] Azamat Sameevich Numonov is a citizen of Uzbekistan who has lived in the United States since March 2023, when he entered the country without inspection. He appeared before immigration authorities and was placed in removal proceedings but was released on his own recognizance. Thereafter, Numonov filed an application for asylum which remains pending. Numonov was then arrested and detained by ICE on March 19, 2026.

In similar cases, where the parties made nearly identical arguments, this Court held that detaining individuals in Numonov's position without a bond hearing violates the Immigration and Nationality Act ("INA"), 18 U.S.C. § 1101 *et seq. See Rio Porras v. O'Neill*, 2025 WL 3708900 at *2-3 (E.D. Pa. Dec. 22, 2025) (citing *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Karashnov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); and *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025)). Likewise, the Court has previously rejected the Government's argument that noncitizens like Numonov are persons "seeking admission" who are subject to § 1225(b)(2)'s mandatory detention provision. *See Peixoto v. Jamison*, 2:26-cv-00967, Dkt. No. 5 (E.D. Pa. Feb. 20, 2026); *Castaneda Salinas v. Jamison, et al.*, No. 26-cv-1345, Dkt. 7, n.i (E.D. Pa. Mar. 5, 2026). The same reasoning applies here.

Accordingly, the Government lacks a legal basis for detaining Numonov pending resolution of removal proceedings. Because relief is warranted on Numonov's INA claim, it is unnecessary to reach his alternative grounds for relief.